UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

JERIMIAH R. SNYDER,

              Debtor.

Case No. 10-32042

Chapter 7

_____

MEMORANDUM DECISION ON COURT'S ORDER TO SHOW CAUSE
WHY SANCTIONS SHOULD NOT BE IMPOSED ON DEBTOR'S COUNSEL
FOR FILING PETITION FOR IMPROPER PURPOSE

_____

On January 4, 2011, the court heard and denied the United States Trustee's motion for determination of reasonable value of services rendered by the debtor's attorney. At that hearing, debtor's counsel informed the Court that both she and the debtor knew the latter was not eligible for a chapter 7 discharge when the case was filed. The case was admittedly filed for the sole purpose of delaying a garnishment creditor until such time as the debtor was eligible for a discharge. The Court informed debtor's counsel that it would consider, on its own initiative, whether or not counsel's actions violated Fed. R. Bankr. P. 9011(b), *see* Court Minutes dated January 4, 2011, and Court Order dated January 7, 2011. Counsel was given an opportunity to file an additional written response to the order to show cause.

Under Rule 9011, when an attorney submits a document to the court, the attorney is certifying that to the best of the attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the document "is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation."

The filing of a bankruptcy petition is excluded from the "safe harbor" provision of Rule 9011; the filing of a petition has immediate serious consequences, including the imposition of the

automatic stay, which may not be avoided by a subsequent withdrawal of the petition. *In re Collins*, 250 B.R. 645, 659 (Bankr. N.D. Ill. 2000). In determining whether a document was filed for an improper purpose, the court's focus is on what the party intended, and on what the party knew or should have known – both factually and legally – on the day the document was filed. *Id*. at 662.

Debtor's counsel knew or should have known that the filing of a chapter 7 petition for a debtor who was ineligible to receive a discharge, for the sole purpose of delaying a garnishment creditor long enough for the debtor to file again upon reaching the date for discharge eligibility, was done for an improper purpose.

In *In re Robinson*, 198 B.R. 1017 (Bankr. N.D. Ga. 1996), the chapter 13 debtor filed his petition only to stop a foreclosure sale of his residence, made no effort to reorganize, filed none of the required schedules, filed no plan, failed to appear at the creditors' meeting, made no payments to the trustee or the creditor-mortgagee, and showed no change in circumstances between the filing of the prior case and the filing of the case at bar. The debtor's attorney admitted that the requirements of prosecuting a chapter 13 case were deliberately not met because the debtor intended to dismiss the case as soon as he obtained refinancing on his house. Since the creditor who was delayed filed a motion for relief from the automatic stay, as a Rule 11 sanction both the debtor and his attorney were required to reimburse the creditor for its attorney fees and costs incurred in preparing and prosecuting the motion for relief from stay, an objection to the debtor's dismissal, and the motion for sanctions. Under the circumstances of the case, the court found the debtor's attorney had a duty of inquiry to determine whether the filing was in good faith or merely for delay, and the attorney should have immediately attempted to persuade the debtor to voluntarily dismiss the case. The *Robinson* court noted:

2

Using the automatic stay and the filing of the petition as a shield to buy time to negotiate a loan refinancing abuses the bankruptcy system. The harm which devolves is not limited to the affected creditor. By example and word of mouth, the "technique" spreads until it is no longer perceived by the Bar or by debtors as an abuse but as a permissible manipulation of the system. In the meantime, respect for the bankruptcy system, including attorneys who wish to assist honest debtors, deteriorates. When public respect for any part of the legal system falters, it harms everyone involved in the system.

In the instant case, Debtor's attorney facilitated, encouraged and advised his client's abuse of the bankruptcy system. Such conduct is sanctionable under Bankruptcy Rule 9011.

*Id*. at 1025; *cf. In re Ktona*, 329 B.R. 105 (Bankr. M.D. Fla. 2005) (Rule 9011 sanctions imposed against both debtor and his counsel for intentionally filing case in wrong district, in bad faith, and to delay pending litigation).

The purpose of the filing in this case is largely the same as in *Robinson*, but the creditor that was the focus of this improper filing did not come forward. This matter was brought to the court's attention by the motion of the United States Trustee to determine the reasonable value of the attorney's services under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017(a). I determined there was no reason for the attorney to return fees to the debtor. He got what he paid for. He wanted to stiff-arm the creditor until he was eligible for a discharge, and his goal was accomplished. He should not get any money back to encourage such behavior.

The attorney's behavior is another matter. She freely admitted she had filed the case solely to thwart the creditor's legal action, and she knew the debtor did not qualify for a discharge. Obtaining a discharge is the only valid purpose I am aware of for filing a chapter 7 case for a consumer. There may be a valid purpose in filing a chapter 13 case when the debtor does not qualify for a discharge, usually because the time of filing is too soon after a prior discharge. However, in that instance a debtor might not run afoul of bankruptcy policy of saving a home or other secured property or making payments to creditors to the extent of the debtor's

3

ability.  This is a valid use of the bankruptcy system.  The attorney's instigation and participation in this case uses the power of the federal court to improperly avoid creditor action when the debtor had no legal right to do so.   This may be what the client wanted, but the attorney is held to a higher standard within the legal system.

Sanctions under Rule 9011(c) are discretionary.  The amount of sanctions for violation of Rule 9011 should be set at a level appropriate to deter future sanctionable conduct.  *Robinson*, 198 B.R. at 1025.  Among the arsenal of sanctions that may be imposed for violating Rule 9011 are fines payable to the court clerk, an award of attorney fees and costs to the sanctioned party's opponent, an order to disgorge fees paid to the sanctioned attorney, an injunction prohibiting specific types of future filings, mandatory legal education, stricken pleadings, referrals to disciplinary bodies, and reprimands that are on or off the record.  *In re American Telecom Corp.*, 319 B.R. 857, 873 (Bankr. N.D. Ill. 2004); *see, e.g.*, *In re Dent*, 275 B.R. 625 (Bankr. M.D. Ala. 2002) (court imposed a $500 sanction, payable to clerk of court, against debtor's counsel for, among other improprieties, filing successive chapter 13 petition in bad faith attempt to delay creditors).

Based on the foregoing, a monetary sanction shall be imposed against debtor's counsel in the amount of $500, payable to Clerk of Bankruptcy Court within 30 days.  A separate order will be entered.

February 11, 2011

Margaret Dee McGarity
United States Bankruptcy Judge

4